# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRE SHERMAN,

    *Petitioner*,

vs.

DWIGHT NEVEN*, et al.*

    *Respondents*.

2:05-cv-00362-JCM-RJJ

ORDER

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on the petitioner's notice of appeal (#39), which has been treated also as an application (#40) for a certificate of appealability (COA), his motion (#41) for enlargement of time to file a pauper application, and his application (#43) to proceed *in forma pauperis* (IFP) on appeal. Petitioner seeks to appeal the court's order and judgment (## 37 & 38) denying the petition on the merits as to some claims, on the basis of procedural default as to other claims, and as noncognizable as to the remaining claims.

### *COA Application*

Under 28 U.S.C. § 2253(c), when the district court has denied a habeas claim on the merits, the petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this

standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA both: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

The application for a COA will be granted in part and denied in part. Out of an abundance of caution, a COA will be granted as to petitioner's claim in Ground 8 alleging an unnecessarily suggestive identification procedure. A COA will be denied as to all remaining grounds.

The court briefly discusses the claims as to which a COA is denied below. On the claims denied on the merits, jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. On the claims denied on procedural grounds, jurists of reason would not find it debatable whether the court's procedural ruling was correct.

In Ground 1, petitioner alleged that he was denied effective assistance of counsel when his trial counsel failed to file a motion for exculpatory evidence to obtain an alleged surveillance videotape from the hotel where the incident occurred that allegedly would have established his innocence and the identity of the true assailant. Petitioner did not establish that the state court finding that there was no videotape of the robbery constituted an unreasonable determination of fact based upon the record in the state district court. That factual finding therefore is entitled to a presumption of correctness on federal habeas review.

It was not an unreasonable application of *Strickland*[1] for the Supreme Court of Nevada to conclude that trial counsel did not render deficient performance by failing to request a videotape that the state courts found did not exist and further that petitioner could not have been prejudiced as a result. See #37, at 3-5.

In Ground 2, petitioner alleged that he was denied due process in violation of the Fifth and Fourteenth Amendments when the state district court denied his *pro se* request for production of the alleged surveillance videotape discussed above under Ground 1. This claim was not raised on direct appeal, and the Supreme Court of Nevada held on state post-conviction review that the claim was procedurally defaulted. Petitioner did not provide any argument in federal court addressing the procedural default bar. See #37, at 5-6.

In Ground 3, petitioner alleged that he was denied effective assistance of appellate counsel when counsel allegedly failed to federalize the issues presented on direct appeal. Given that the issues on direct appeal were federalized and/or were reviewed under federal constitutional standards, the state courts' rejection of the conclusory boilerplate ineffective assistance claim presented by petitioner was neither contrary to nor an unreasonable application of *Strickland*. See #37, at 7-8.

In Ground 4, petitioner alleged that he was denied effective assistance of appellate counsel when counsel failed to confer with him regarding the issues to be raised on direct appeal and, in particular, failed to raise Ground 2 challenging the state district court's denial of his *pro se* request for production of the alleged surveillance videotape. This court reviewed Ground 4 *de novo* rather than on deferential AEDPA review. Criminal defendants do not have a right to have their appointed appellate counsel raise every nonfrivolous issue that the defendant wishes to raise. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). In the present case, it was not deficient performance for appellate counsel to decline to raise state Ground 2 on direct appeal. The state district court had denied a *pro se* request by a represented criminal defendant for immediate production of an

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

alleged videotape at an early proceeding where the arraignment was being continued. The petitioner had no constitutional right to immediate production of the alleged videotape on an oral *pro se* request, and the state district court had no constitutional obligation to follow up and determine whether defense counsel pursued the request in a written motion. The due process claim in Ground 2 thus had no chance of success on appeal, and petitioner accordingly failed to establish either deficient performance or resulting prejudice. Moreover, the state courts later found on state post-conviction review that no exculpatory videotape in fact existed. See #37, at 8-10.

In Ground 5, petitioner alleged that he was denied effective assistance of counsel when trial counsel failed to raise the issue of his competency to stand trial and move for a psychological evaluation as to his competency. The Nevada Supreme Court's rejection of this essentially unsubstantiated claim was neither contrary to nor an unreasonable application of *Strickland*. Over and above petitioner's failure to substantiate the claim in the state courts with competent material evidence tending to establish a lack of competency, a number of petitioner's claims alleged – inherently to the contrary – that defense counsel was ineffective for failing to take specific steps despite being requested to do so by petitioner. The sworn factual allegations supporting these claims tended to bely the petitioner's unsupported allegation that he was not competent to assist in his defense. See #37, at 10-12.

In Ground 6, petitioner alleged that he was denied effective assistance of counsel when trial counsel failed to present mitigating evidence at his sentencing hearing "such as petitioner's competency" or "to provide witnesses or any other evidence in support of a lighter sentence." The Nevada Supreme Court's rejection of this claim was neither contrary to nor an unreasonable application of *Strickland*. Petitioner did not present the state courts with a substantiated claim. Any claim that petitioner was actually prejudiced by his trial counsel not presenting additional mitigating evidence at the sentencing was wholly speculative, particularly given petitioner's extensive criminal record spanning over two decades and the lighter-than-recommended sentence imposed. See #37, at 12-14.

/ / / /

In Ground 7, petitioner alleged that he was denied due process in violation of the Fifth and Fourteenth Amendments when the prosecution failed to disclose the alleged surveillance videotape (discussed above in Grounds 1 and 2) that allegedly showed his innocence. This claim was not raised on direct appeal, and the Supreme Court of Nevada held on state post-conviction review that the claim was procedurally defaulted. Petitioner did not provide any argument in federal court addressing the procedural default bar. The court additionally would note that the state courts found as a fact that the alleged tape did not exist. See #37, at 14-15.

As noted above, the Court is granting a COA as to Ground 8.

In Ground 9, petitioner alleged that he was denied due process in violation of the Fifth and Fourteenth Amendments when the prosecution failed to disclose: (1) a supplemental police report concerning the initial stop of petitioner on a suspicious person call on the day following the incident in this case by a different purse snatch victim; and (2) that the police allegedly had searched an apartment that petitioner had stayed at but found no evidence during the search. The Nevada Supreme Court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law. A non-identification by a different victim from a different robbery on a different day was not relevant, material, or exculpatory as to the robberies in this case. Nor did the non-identification render petitioner's continued detention pending the identification in this case unconstitutional. The police quickly realized in responding to the suspicious person call that Sherman matched the description of the assailant from this case, and an officer brought the victims from this case over from their hotel approximately a block away. As to the alleged search, the state high court found, with ample supporting record evidence, that no search in fact occurred. See #37, at 21-26.

In Ground 10, petitioner alleged that he was denied effective assistance of trial counsel when counsel failed to request a jury instruction regarding the inherent suggestiveness of the one-on-one identification procedure. The Nevada Supreme Court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner does not cite a single United States Supreme Court or Nevada Supreme Court

1  decision holding that a jury instruction must be given that a one-on-one identification is
2  inherently suggestive. Absent case law holding that the charge suggested by petitioner was
3  required to be given if requested, petitioner cannot establish a reasonable probability that the
4  outcome of either the trial or the appeal would have been different if trial counsel had
5  requested such a charge. See #37, at 26-28.

6  In Grounds 11 and 12, petitioner presented substantially similar Fourth Amendment
7  claims. In Ground 11, petitioner alleged that he was unlawfully detained in violation of his
8  Fourth Amendment right to be free from illegal searches and seizures and that the evidence
9  from the showup identification therefore was the fruit of an unlawful detention. In Ground 12,
10 petitioner alleged that the police did not have probable cause to believe that he was the
11 suspect in the robberies in this case and that he therefore should not have been detained for
12 the showup. In Ground 11, petitioner additionally presented a claim that he was denied
13 effective assistance of counsel when trial counsel failed to file a motion to dismiss based upon
14 an allegation that the police detained him for longer than the sixty minutes allowed by N.R.S.
15 171.123(3).

16 The Fourth Amendment claims in Grounds 11 and 12 do not present cognizable claims
17 on federal habeas review because petitioner had an adequate opportunity to litigate the
18 claims in the state courts. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067
19 (1976). See #37, at 28-30.

20 This court reviewed the ineffective assistance claim *de novo*. Petitioner's allegation
21 that he was detained for more than sixty minutes was belied by the state court record. It
22 therefore was not deficient performance for trial counsel to not raise the issue, and petitioner
23 was not prejudiced by counsel's failure to do so. See #37, at 30-31.

24 In Ground 13, petitioner alleged that he was denied effective assistance of counsel due
25 to alleged cumulative error of counsel. The court reviewed this claim *de novo*. Petitioner's
26 claim of cumulative error was no more persuasive as to the alleged errors in the aggregate
27 than the petitioner's arguments were in isolation. See #37, at 32-33.

28 / / / /

In Ground 14, petitioner alleged cumulative error by the trial court and prosecution. This claim was not raised on direct appeal, and the Supreme Court of Nevada held on state post-conviction review that the claim was procedurally defaulted. Petitioner did not provide any argument in federal court addressing the procedural default bar. See #37, at 33.

Accordingly, a COA will be granted as to Ground 8 only.

### *IFP Application*

The motion for an extension of time to file a pauper application was unnecessary and now in any event is moot.

On the application to proceed *in forma pauperis*, this court previously granted petitioner's application to proceed *in forma pauperis* early in the district court proceedings. See #2. Under Federal Rule of Appellate Procedure (FRAP) 24(a)(3), it therefore was not necessary for petitioner to seek further authorization to proceed *in forma pauperis* on appeal, unless the district court certified under Rule 24(a)(3)(A) that the appeal had not been taken in good faith, which this court has not done.

Both motions therefore will be denied as unnecessary, as petitioner's pauper status continues on the appeal.

IT THEREFORE IS ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, a certificate of appealability is GRANTED IN PART and DENIED IN PART. A certificate of appealability is GRANTED as to the appeal of the denial of Ground 8 and is DENIED as to the appeal of the denial of all remaining grounds.

IT FURTHER IS ORDERED that motion (#41) for enlargement of time to file a pauper application and application (#43) to proceed *in forma pauperis* on appeal both are DENIED as unnecessary, as petitioner's prior pauper status continues on the appeal.

DATED: April 14, 2008.

JAMES C. MAHAN
United States District Judge